IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHLEEN HERLIHY-PAOLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:12-CV-04975-K |
| | § | |
| DEPUY ORTHOPAEDICS INC. et al, | § | |
| | § | |
| Defendants. | § | |

## COURT'S CHARGE

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence. After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff will be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments.

Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits admitted during the trial will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone about this case or use these

2

tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, MySpace, LinkedIn, and YouTube. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of the trial.

The evidence in this case will consist of the following:

1. The sworn testimony of all witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3

3.  All facts that may have been stipulated or judicially noticed that you must take as true for purposes of this case.

A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

I may take "judicial notice" of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true. If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

During the trial, the lawyers may make objections to questions asked or answers given. That simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. These relate only to the legal questions that I must determine and should not influence your thinking. If I sustain an objection to a question, the witness cannot answer it. Do not attempt to guess what answer might have been given had I allowed the question to be answered. If I overrule an objection, treat the answer like any other. Additionally, some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose only, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  From the facts that you believe have been proved, you may draw such reasonable inferences or conclusions as you feel are justified in light of your experience.

It is now time for opening statements.

## POST-EVIDENCE INSTRUCTIONS

Now that you have heard all the evidence in this case, I will instruct you on the law that you must apply.

## GENERAL INSTRUCTIONS

It is your duty to follow the law as I give it to you in this Charge.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Remember that any statements or arguments made by the lawyers are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Your answers and your verdict must be unanimous.  The plaintiffs must prove each essential part of their claims by a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, to establish a claim or defense by a "preponderance of the evidence" means to prove that the claim is more likely so

5

than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiffs' claims by a preponderance of the evidence, you should find for the defendant as to that claim. The fact of an injury, alone, is not sufficient to prove plaintiffs' claims, including the presence of a defect or causation.

You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness's testimony. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -- he is called an expert witness -- is permitted to state his opinions on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias evidence that the expert witness has been or will be paid for reviewing the case and testifying, or evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence you may consider in properly finding the truth as to the facts in the case. One is direct evidence. A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances indicating the existence or nonexistence of certain other facts. Direct proof of a state of mind is almost never available and is not required. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

## Question No. 1:  Negligence

Every corporation is responsible for injury to the person of another, caused by its negligence.

Negligence is the failure to use reasonable care.  Negligence may consist of action or inaction.  A medical device manufacturer is negligent if it fails to act as an ordinarily prudent medical device manufacturer would act under the circumstances.

DePuy Orthopaedics, Inc. is liable if its negligence was a cause of Kathy Paoli's injuries.  DePuy Orthopaedics, Inc.'s conduct was a cause of the injuries if it was a substantial factor in bringing them about.  There may be more than one cause of an injury, and DePuy Orthopaedics, Inc. may not avoid liability by claiming that some other person (including but not limited to Dr. Allmacher) helped cause the injury.

Kathy Paoli claims that DePuy Orthopaedics, Inc. was negligent in one or more of the following respects:

(1)     DePuy Orthopaedics, Inc. failed to use ordinary care in the design of the DePuy Pinnacle metal-on-metal hip implant, or

(2)     DePuy Orthopaedics, Inc. failed to provide adequate warnings about the DePuy Pinnacle metal-on-metal hip implant to the community of treating orthopaedic surgeons who implant artificial hips in patients.

To prevail on this claim, Kathy Paoli has the burden of proving:

(1)     That DePuy Orthopaedics, Inc. was negligent.

(2)     That Kathy Paoli was injured.

(3)     That DePuy Orthopaedics, Inc.'s negligence was a cause of the injury to Kathy Paoli.

9

(4)     The amount of money that will compensate Kathy Paoli for her injury.

Were Kathy Paoli's injuries caused by DePuy Orthopaedics, Inc.'s failure, if any, to act as a reasonable medical device manufacturer in the design of or warnings about the Pinnacle metal-on-metal hip implant?

Answer "Yes" or "No:"     NO

<u>Question No. 2:  Strict Liability (Design Defect)</u>

One who sells a product in a defective condition to a user is strictly liable for physical harm to the user caused by the product if the seller is engaged in the business of selling such a product.

With regard to a medical device such as an artificial hip implant, a product is in a defective condition if it is dangerous to an extent beyond that anticipated by the community of treating orthopaedic surgeons who implant artificial hips in patients.

This rule of strict liability applies even though the seller has exercised all possible care and the user did not buy the product from or enter into any contractual relation with the seller.

A product may cause injury because of its design even though it was faultlessly manufactured.

In order to recover for such injury, the plaintiff must prove:

First, that at the time of sale by DePuy Orthopaedics, Inc., the DePuy Pinnacle metal-on-metal hip implant was in a defective condition because of its design.

Second, that the design of the DePuy Pinnacle metal-on-metal hip implant caused injury to Kathy Paoli.

The design of the hip implant was a cause of the injuries if it was a substantial factor in bringing them about.  There may be more than one cause of an injury, and DePuy Orthopaedics, Inc. may not avoid liability by claiming that some other person (including but not limited to Dr. Allmacher) helped cause the injury.

Were Kathy Paoli's injuries caused by a defective design, if any, of the DePuy Pinnacle metal-on-metal hip implants that was present at the time they were used in Kathy Paoli's procedures?

Answer "Yes" or "No:"  *NO*

### Question No. 3:  Strict Liability (Inadequate Warning)

One who sells a product in a defective condition to a user is strictly liable for physical harm to the user or the user's property caused by the product if the seller is engaged in the business of selling such a product.

This rule of strict liability applies even though the seller has exercised all possible care and the user did not buy the product from or enter into any contractual relation with the seller.

A product may cause injury because of inadequate warning.  In order to recover for such injury, the plaintiff must prove:

First, that DePuy Orthopaedics, Inc. sold the DePuy Pinnacle metal-on-metal hip implant in a defective condition because of a failure to adequately warn of those dangers which would not be readily recognized by the community of treating orthopaedic surgeons who implant artificial hips in patients.

Second, that the failure to provide adequate warning caused injury to Kathy Paoli.

The failure to provide adequate warning was a cause of the injuries if it was a substantial factor in bringing them about.  There may be more than one cause of an injury, and DePuy Orthopaedics, Inc. may not avoid liability by claiming that some other person (including but not limited to Dr. Allmacher) helped cause the injury.

Were Kathy Paoli's injuries caused by DePuy Orthopaedics, Inc.'s failure to adequately warn of those dangers which would not be readily recognized by the community of treating orthopaedic surgeons who implant artificial hips in patients?

Answer "Yes" or "No:"    <u>NO</u>

## Question No. 4:  Montana Consumer Protection Act

Kathy Paoli has alleged a violation of the Montana Consumer Protection Act.

To establish this claim, she must prove:

(1)    she purchased the DePuy Pinnacle metal-on-metal hip implant as a "consumer," meaning as a person who purchased goods primarily for personal, family, or household purposes;

(2)    DePuy Orthopaedics, Inc. committed unfair or deceptive acts or practices in the conduct of trade or commerce;

(3)    that caused Kathy Paoli to suffer an ascertainable loss of money or property.

An "unfair or deceptive act or practice" means one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, including making a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of merchandise.

"Trade or commerce" means the advertising, offering for sale, sale, or distribution of the Pinnacle metal-on-metal hip implant.

Did Kathy Paoli suffer an ascertainable loss of money or property caused by a violation of the Montana Consumer Protection Act by DePuy Orthopaedics, Inc.?

Answer "Yes" or "No:"    NO

15

Answer Question No. 5 only if you answered "Yes" to Question No. 1 or Question No. 2 or Question No. 3 or Question No. 4.  Otherwise, do not answer Question No. 5.

<u>Question No. 5:  Concerted Action</u>

Kathy Paoli claims that Johnson & Johnson is liable to her for acting in concert with DePuy Orthopaedics, Inc. in connection with the design of the Pinnacle metal-on-metal hip implant and the information and warnings that were provided to the community of treating orthopaedic surgeons who implant artificial hips in patients.  To prevail on this claim, Kathy Paoli must prove:

(1)   DePuy Orthopaedics, Inc., is liable for a breach of duty to Kathy Paoli for strict liability design defect, strict liability failure to warn, or negligence;

(2)   Johnson & Johnson knew that the conduct of DePuy Orthopaedics, Inc., constituted a breach of duty;

(3)   Johnson & Johnson provided substantial assistance or encouragement to DePuy Orthopaedics, Inc. for such conduct; and

(4)   Johnson & Johnson's assistance or encouragement was a substantial factor in causing injury to Kathy Paoli.

Did Johnson & Johnson act in concert with DePuy Orthopaedics, Inc. in causing injury to Kathy Paoli?

Answer "Yes" or "No:"      _____

16

Answer Question No. 6 only if you answered "Yes" to Question No. 1 or Question No. 2 or Question No. 3 or Question No. 4. Otherwise, do not answer Question No. 6.

## Question No. 6: Damages

If you found for Kathy Paoli on one or more of the questions of liability, then you must determine the amount of money which will reasonably and fairly compensate Kathy Paoli for all loss caused by DePuy Orthopaedics, Inc., regardless of whether such loss could have been anticipated.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award a sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. You are instructed that any monetary recovery for loss of future earning capacity is subject to federal income taxes.

You must adjust future economic losses to their present cash value. Present cash value is a sum of money which, together with what that money may reasonably be expected to earn in the future, when invested at a reasonable rate of return, will produce the dollar equivalent of such future damages. In arriving at present cash value, you may also consider the effect that inflation and increases in wages will have on offsetting the amounts that money will earn. The only amounts to be adjusted to present cash value are future earnings and future medical costs. The discount principles stated in this instruction do not apply to any other damages.

You are permitted to award compensation only for future loss or harm which is reasonably certain to occur. Recovery cannot be denied for damages simply because they are difficult to determine.

Any compensation to which Kathy Paoli is entitled should not be reduced simply because Kathy Paoli was more susceptible to injury than a normally healthy person.

A.    ECONOMIC DAMAGES:

Your award should include the reasonable value of necessary care, treatment and services received, including medical treatment, and those reasonably certain to be required in the future as a result of the injuries sustained by Kathy Paoli.

Your award should include the reasonable value of any loss sustained to date because of Kathy Paoli's inability to pursue an occupation. In determining what Kathy Paoli reasonably could have earned had there been no injury, you should consider evidence of Kathy Paoli's earning capacity, past earnings, and the manner in which she ordinarily would have occupied her time before the injury. You may also consider evidence of the lost profits, if any, of Inkstone Design, but only those that were directly related to the inability of Kathy Paoli, due to her injuries, to devote her personal skill, talent, and ability to Inkstone Design.

Your award should include reasonable compensation for any loss of future earning capacity. You should consider evidence of Kathy Paoli's health, physical ability, and earning capacity before the incident at issue, and what they are now. You should also consider the nature, extent and duration of the injuries.

Your award should include the reasonable value of purchases necessitated by the injury.

Your award should include the reasonable value of any service, whether paid or not, which Kathy Paoli would normally have performed for herself or others, but can no longer perform.

## B.    GENERAL DAMAGES:

Your award should include reasonable compensation for any pain and suffering experienced and reasonably certain to be experienced in the future.  The law does not set a definite standard by which to calculate compensation for mental and physical pain and suffering. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss. The law does require, however, that when making an award for pain and suffering, you shall exercise calm and reasonable judgment.  The compensation must be just and reasonable.

Your award should include reasonable compensation for any mental and emotional suffering and distress experienced by Kathy Paoli and reasonably certain to be experienced in the future.  Mental and emotional suffering and distress passes under various names, such as mental anguish, nervous shock, or the like.  It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional

suffering and distress.  Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss. The law does require, however, that when making an award for mental and emotional suffering and distress, you shall exercise calm and reasonable judgment. The compensation must be just and reasonable.

If you find that Kathy Paoli has been permanently injured or will continue to suffer in the future from her injuries, you may award Kathy Paoli reasonable compensation for the impairment, if any, of her capacity to pursue an established course of life. This element of compensation is distinct from Kathy Paoli's loss of earning capacity.

What sum of money, if paid now in cash, would fairly and reasonably compensate Kathy Paoli for her injuries, if any, that resulted from the occurrence in question?

Answer separately in dollars and cents for damages, if any:

a.  Reasonable value of past economic damages.

Answer:        $_____

b.  Reasonable value of future economic damages.

Answer:        $_____

c.  Reasonable value of past general damages.

Answer:        $_____

d.  Reasonable value of future general damages.

Answer:        $_____

Answer Question No. 7 only if you answered "Yes" to Question No. 1 or Question No. 2 or Question No. 3 or Question No. 4.  Otherwise, do not answer Question No. 7.

<u>Question No. 7:  John Paoli's Loss of Consortium</u>

If you find DePuy Orthopaedics, Inc. is liable, you may award damages for the loss or impairment of the marriage relation suffered by John Paoli, Kathy Paoli's husband.  This relation includes the right of support, aid, protection, affection and society.  If those rights have been lost or impaired by an injury to Kathy Paoli, you should consider and assign values to them in reaching a separate verdict for John Paoli.

What sum of money, if paid now in cash, would fairly and reasonably compensate John Paoli for injuries, if any, to Kathy Paoli, that resulted from the occurrence in question?

Answer separately in dollars and cents for damages, if any:

a.   Loss of consortium sustained in the past.

Answer:   $_____

b.   Loss of consortium that John Paoli is reasonably certain to sustain in the future.

Answer:   $_____

Answer Question No. 8A <u>only</u> if you answered "Yes" to Question No. 1 or Question No. 2 or Question No. 3 or Question No. 4, <u>and</u> awarded more than $0 as damages in Question No. 6. Otherwise, do not answer Question No. 8a.

Answer Question No. 8B <u>only</u> if you answered "Yes" to Question No. 1 or Question No. 2 or Question No. 3 or Question No. 4, <u>and also</u> answered "Yes" to Question No. 5, <u>and</u> awarded more than $0 as damages in Question No. 6. Otherwise, do not answer Question No. 8B.

<u>Question No. 8: Punitive Damages</u>

Kathy Paoli has asked for punitive damages which may be allowed by you provided you first find that she has suffered actual damage. One who has suffered injury to her person through the fraud or malice of another may recover, in addition to her actual damages, damages for the sake of example and by way of punishing the other party.

Kathy Paoli must prove all the elements of her claim for punitive damages by clear and convincing evidence. "Clear and convincing" means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. It is more than a preponderance of evidence but less than beyond a reasonable doubt. The elements may be proved by direct or circumstantial evidence.

In punitive damage cases the law defines fraud as either the making of a representation by the defendant with knowledge of its falsity or concealing a material fact with the purpose of depriving the plaintiff of her property or legal rights or otherwise causing her injury. In this case, fraud for punitive damages exists only where Kathy Paoli's surgeon has a right to rely upon the representations of DePuy

23

Orthopaedics, Inc., and Kathy Paoli suffers injury to her property or legal rights or is otherwise damaged as a result of her surgeon's reliance.

In punitive damage cases the defendant is guilty of malice if it has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff, and defendant either: (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.

8A.  Did Kathy Paoli suffer injury to her person through the fraud or malice of DePuy Orthopaedics, Inc.?

Answer "Yes" or "No:"        _____


8B.  Did Kathy Paoli suffer injury to her person through the fraud or malice of Johnson & Johnson?

Answer "Yes" or "No:"        _____

If you answered "Yes" to either Question No. 8A or Question No. 8B, <u>notify the court security officer</u> before proceeding to Question No. 9A or Question 9B.


DO NOT answer Question No. 9A or Question No. 9B before returning to the Court for further instructions.

### Question No. 9:  Award of Punitive Damages

In determining the amount of punitive damages, you should consider all of the attendant circumstances, including the nature, extent and enormity of the wrong, the intent of the party committing it, the amount allowed as actual damages, and, generally, all of the circumstances attending the particular act involved, including any circumstances which may operate to reduce without wholly defeating punitive damages.

Punitive damages should be of such an amount as will deter the party from and warn others against similar acts of misconduct.  Thus, the wealth and financial affairs of the party are facts to be considered by you in determining the amount of punitive damages.

In determining the amount of punitive damages, you may consider the degree of reprehensibility of the party's conduct, including whether the party's conduct posed a substantial risk of harm to the public.  However, you must not include damages for harm to others who are not parties to this case.

9A.   What sum of money, if any, should be assessed against DePuy Orthopaedics, Inc. and awarded to Kathy Paoli as punitive damages for the conduct found in response to Question No. 8A?

Answer in dollars and cents:   $_____

9B.   What sum of money, if any, should be assessed against Johnson & Johnson and awarded to Kathy Paoli as punitive damages for the conduct found in response to Question No. 8B?

Answer in dollars and cents:   $_____

## POST-ARGUMENT INSTRUCTIONS

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your own sworn duty to base a verdict on anything but the evidence in the case. Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers. You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that I have given you instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted by you in any way as an indication that I believe a particular party should, or should not, prevail in this case. Also, you should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication in any way that I believe that the plaintiffs should, or should not, win this case.

Remember that any notes you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not

be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way you are the judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case. You will now retire to the jury room. In a few minutes I will send you this charge and the exhibits the Court has admitted into evidence. Upon receiving the exhibits and charge, you should select a foreperson and commence deliberations. Do not deliberate unless all of you are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

If during the course of your deliberations you wish to communicate with the Court, you should do so only in writing by a note signed by the foreperson. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with respect to any message or question you might send that you should never state or specify your numerical division at the time.

28

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions. Do not reveal your answers to anyone besides other members of the jury until such time as you are discharged, unless otherwise directed by me. After you have reached a verdict, you are not required to talk with anyone about the case.

Your foreperson will sign in the space provided on the following page after you have reached your verdict.

DATED: October 21, 2014.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated, and

herewith return the same into the Court as our verdict.

DATED:  October ___23___, 2014

_____
FOREPERSON